LLANOS et al. v. UNITED STATES.

No. 13479.

United States Court of Appeals Ninth Circuit.

Sept. 4, 1953.

Hyman M. Greenstein, Honolulu, Hawaii, and San Francisco, Cal., for appellant.

A. William Barlow, U. S. Atty., Honolulu, Hawaii, Frank E. Kennamer, Atty.,

Securities & Exchange Commission, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and MATHES and LEMMON, District Judges.

DENMAN, Chief Judge.

This is a criminal appeal from a judgment of conviction by the United States District Court for the District of Hawaii. Trial was before the court without a jury.

Appellants raise three questions by this appeal: (1) whether the instruments involved were "securities" within the meaning of the Securities Act of 1933; (2) whether appellants were engaged in the "sale" of securities within the meaning of that Act; and (3) whether the trial court erred in receiving in evidence certain exhibits. A fourth question, concerning the validity of the indictment, was waived on oral argument.

Appellants were convicted on 12 or 13 counts of violating Section 17(a) (1) of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., hereafter the Act; on 5 of 6 counts of mail fraud, 18 U.S.C. § 1341; and on one count of conspiring to commit the foregoing crimes, 18 U.S.C. § 371. The indictment alleged a scheme whereby the appellants would obtain money for their own use by making various false representations. Among these representations were the following: That the money would be bet on a "fixed" volleyball game; that a company that they represented had over $6,500,000 in the bank; and that certain defendants were officers in and majority stockholders of the Pollock-Stockton Shipbuilding Company.

(A) *The Securities:*

Appellants argue that they were not engaged in the sale of securities within the meaning and prohibition of the Securities Act of 1933 inasmuch as they were directly borrowing from individuals and were giving promissory notes in exchange. In essence, they argue that promissory notes are not securities within the meaning of Section 2(1) of the Act. That section provides in part as follows:

"The term 'security' means any note * * * evidence of indebtedness,

certificate of interest or participation in any profit-sharing agreement * * * investment contract * * * · or, in general, any interest or instrument commonly known as a 'security' ".

Appellants contend that the last clause of the above section, "any interest or instrument commonly known as a 'security'" limits those which come before, and cite many cases which hold that promissory notes were not "securities" under other statutes. Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, 468, 53 S.Ct. 257, 77 L.Ed. 428; Cortland Specialty Co. v. Commissioner, 2 Cir., 60 F.2d 937; Cecil B. DeMille Productions v. Woolery, 9 Cir., 61 F.2d 45; Union Land Associates v. Ussher, 174 Or. 453, 149 P.2d 568. These cases involved the interpretation of the word "securities" as used in particular acts and did not involve the definition of "security" given in the above statute. In defining the word "security" in Section 2(1) of the Act, Congress intended to include all interstate transactions which were the legitimate subject of its regulation and the section should not be construed narrowly. Securities & Exchange Commission v. C. M. Joiner Leasing Corporation, 320 U.S. 344, 352, 64 S.Ct. 120, 88 L.Ed. 88; Securities & Exchange Commission v. Crude Oil Corp. of America, 7 Cir., 93 F.2d 844, 846; Securities & Exchange Commission v. Universal Service Ass'n, 7 Cir., 106 F.2d 232, 237, certiorari denied, 308 U.S. 622, 60 S. Ct. 378, 84 L.Ed. 519.

The instruments involved, with some immaterial variations, read as follows:

"Agreement

"This Will Certify That, I the undersigned Alejandro D. Llanos, of legal age, married, residing at 1839 Makiki Street, Honolulu T. H., borrowed from .......... ...... of ............ THE SUM OF ............ DOLLARS ($............) Which I promise to pay on or before (60 or 90) days from today.

"In Witness Hereof, I set my hand to sign this ...... day of .........., .......

............................
            Alejandro D. Llanos—borrower
Witness:
........................·...."

This instrument is clearly an "evidence of indebtedness," and as such falls within the statutory definition of securities. United States v. Monjar, 3 Cir., 147 F.2d 916, 920, certiorari denied, 325 U.S. 859, 65 S.Ct. 1191, 89 L.Ed. 1979.

(B) *Sale of Securities:*

Appellants next argue that even assuming that the instruments were securities and the existence of a fraudulent scheme, the federal court did not have jurisdiction as to counts 1–13 because there is no evidence that the appellants were engaged in the "sale" of securities. The gravamen of their argument is that the giving of a promissory note or an evidence of indebtedness in exchange for a personal loan is not a sale. This contention is untenable. Section 2(3) of the Act, defines "sale" as including " * * * every * * * disposition of, attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security, for value * * *." The securities were disposed of for value in the transactions involved, and hence the transactions are covered by the broad definition of the statute. Bogy v. United States, 6 Cir., 96 F.2d 734, 736, certiorari denied, 305 U.S. 608, 59 S.Ct. 68, 83 L.Ed. 387.

(C) *Admission of Evidence:*

There were admitted in evidence Government Exhibits No. 61, consisting of 814 mutual agreement notes, No. 62, consisting of 248 promissory notes payable in 90 days, and No. 63, consisting of 50 promissory notes payable in 60 days. Appellants claim that, in admitting these exhibits, the trial court erred on the following grounds: (1) that they did not constitute securities; (2) that there was no evidence that they were offered for sale or sold; (3) that there was no evidence that any person referred to therein had invested any money; (4) that there was no evidence that any of them were actually delivered to anybody, and (5) that all the notes represent money given to appellants for an immediate lawful purpose.

The first two grounds relied upon have already been considered and rejected. The remaining grounds are likewise without merit. The crime is devising a scheme

and using the mails or methods of transportation or communication in interstate commerce to execute or attempt to execute the scheme. Whether the scheme is successful is irrelevant, as is the purpose for which the dupes may have surrendered their money. Bobbroff v. United States, 9 Cir., 202 F.2d 389. These exhibits were not introduced to show the success or failure of the scheme but as tending to show its scope and extent. For this purpose they were properly admitted. Suetter v. United States, 9 Cir., 140 F.2d 103; Greenbaum v. United States, 9 Cir., 80 F.2d 113.

The judgment of the district court is affirmed.