### SECURITIES AND EXCHANGE COMMISSION

v.

### VANCO, INC., et al.

### Civ. A. No. 737–58.

United States District Court
D. New Jersey.
Sept. 11, 1958.

Harry Greenwald, Yonkers, N. Y., for Securities and Exchange Commission.

No appearance for defendant Vanco, Inc.

MORRILL, District Judge.

The defendant Vanco, Inc. was incorporated in Delaware and has its principal place of business there. During 1957 and 1958, through its officers and salesmen, by using interstate mailings, offered to sell and did sell the securities here in question. Over six hundred persons, formerly shareholders of Vandersee Corporation, now under the jurisdiction of the bankruptcy court in this District, were solicited.

These shareholders were asked to advance at least ten per cent of the amount of their original capital investment in Vandersee Corporation. In exchange, a subscribing shareholder would receive the defendant's renewable promissory note maturing in six months and an interest in Vanco, Inc. represented by shares of its capital stock. The series of letters of solicitation, persuasive only to the most gullible, show clearly why no attempt to register was made by the defendant under Section 6 of the Securities Act of 1933 (15 U.S.C.A. § 77f). Absent such registration, it was unlawful for the defendant to use the mails to sell or offer to sell these notes and stock interests, 15 U.S.C.A. § 77e. Whereupon the Securities and Exchange Commission seeks this injunctive relief under 15 U.S.C.A. § 77t.

Under Section 2 of the Act, the term "security" includes a note, evidence of indebtedness and certificates of interest or participation in securities. A note has also been judicially determined to be a security. Llanos v. United States, 9 Cir., 206 F.2d 852; United States v. Monjar, 3 Cir., 147 F.2d 916; S. E. C. v. C. M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88. And the issuance of a promissory note constitutes a sale under the Act. Llanos v. United States, supra; Bogy v. United States, 6 Cir., 96 F.2d 734; S. E. C. v. Crude Oil Corp., 7 Cir., 93 F.2d 844.

No proof was offered to sustain a claim of exemption under Sections 3 and 4 of the Act. Exemptions are strictly construed and the burden was on the defendant to prove it was entitled to an exemption.

Let the foregoing constitute Findings and Conclusions under Rule 52, 28 U.S. C.A.

The defendant, its agents, officers, servants, employes and attorneys will be enjoined as prayed for. Present order accordingly.