SECURITIES AND EXCHANGE COMMISSION

v.

VANCO, INC., Arnold E. Vandersee, and Michael J. S. Allen.

Arnold E. Vandersee, Appellant.

No. 13301.

United States Court of Appeals Third Circuit.

Argued Oct. 3, 1960.

Decided Oct. 25, 1960.

Daniel J. O'Hern, Newark, N. J., for appellant.

Mahlon Frankhauser, Washington, D. C., Securities and Exchange Commission (Thomas G. Meeker, General Counsel, David Ferber, Asst. General Counsel, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

The appellant, Vandersee, although represented by a member of the bar of New Jersey in this court, apparently was from time to time his own counsel in the court below and some of his papers, including the notice of appeal, are hard to understand and seem not to have been aptly executed. Picking v. Pennsylvania R. Co., 3 Cir., 1945, 151 F.2d 240, 244. The appeal at bar was taken by him from an order denying a motion made by him, apparently intended to be made on behalf of Vanco, Inc., to set aside a judgment of the court below entered September 11, 1958, pursuant to Section 20(b) of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77t(b), preliminarily enjoining Vanco, Inc., its agents, officers, directors, servants, employees, attorneys, and each of them from making use of the mails or instrumentalities of transportation and communication in interstate commerce to offer to sell or to sell certain promissory notes of Vanco, Inc., unless and until Vanco, Inc. complies with the registration requirements of Section 5 of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77e. Vandersee himself was never served with process in the action and therefore was never enjoined individually though he was purportedly enjoined in his capacity as an officer of Vanco, Inc. Though Vandersee was and apparently still is the president of Vanco, Inc., it is far from clear how he has achieved the right to represent it in these proceedings, if indeed he possesses such a right. We will, however, treat the appeal as having been taken by Vanco, Inc. We will also treat the appeal as taken by Vandersee as president of Vanco, Inc. from that portion of the injunction enjoining him as an officer of that corporation. In short, we will treat the sole issue presented by the instant record, *viz.*, whether the court below abused its discretion in granting the preliminary injunction, as being properly before us in order to avoid technicalities of pleading.

It is apparent from the record that the court below did not abuse its discretion in granting the injunction. We point out that the Securities and Exchange Commission has not yet, more than two years after the entry of the preliminary injunction, caused the case to be set down for final hearing. It should do so at once. The Securities and Exchange Commission has moved to dismiss the appeal on the ground that it is frivolous. This court ordinarily will dismiss an appeal only for want of jurisdiction. We have jurisdiction of the appeal in the instant case. 28 U.S.C. § 1292(a)(1). The motion to dismiss will be denied. The judgment will be affirmed.