STATE of North Dakota, Plaintiff
and Respondent,

v.

Larry F. DAVIS, Defendant and Appellant.

Cr. No. 322.

Supreme Court of North Dakota.

Dec. 17, 1964.

Walter O. Burk, Williston, for appellant.

Helgi Johanneson, Atty. Gen., and Albert A. Wolf, State's Atty., Bismarck, for respondent.

TEIGEN, Judge.

The defendant has appealed from a final judgment of conviction of the crime of offering for sale or selling unregistered securities. A jury was waived and the case was tried to the court on stipulated facts. The defendant specifies three errors: (1) that the promissory notes in this case are not in fact securities; (2) that there was no offer for sale or sale; and (3) that the purported assignment of stock was null and void in that there was no consideration therefor.

It is stipulated that the defendant solicited from shareholders of Stockmen's Insurance Agency, Inc., a conditional assignment of the stock, power of attorney, and proxy, by making an offer to deliver to them at a future date promissory notes of Ranchers' Insurance Agency, Inc., payable in six years with interest at 6% per annum. The conditional assignment, power of attorney, and proxy were contained in one instrument and, among other things, provided that the instrument would be void and of no effect in the event of the happening of any one or more of the following events:

"(1) The failure or refusal of the stockholders of Stockmen's Insurance Agency, Inc., to approve a proposed merger with Guarantee Reserve Life Insurance Company of Hammond, Indiana, at a special or adjourned meeting at which such question shall arise;

"(2) The failure or refusal of the owners of fifty-one percent of the stock of Stockmen's Insurance Agency, Inc., to make and execute assignment in substantially identical form to this one on or before September 20, 1963."

It then provided that if neither of the above contingencies should occur, the consideration for the assignment of the stock described in the instrument was to be a note of Ranchers' Insurance Agency, Inc., in a sum equal to the original purchase price of the shares of stock conveyed by the assignment with interest from August 26, 1963, at the rate of 6% per annum and payable on or before August 26, 1969.

It is stipulated that assignments were not obtained of 51% of the stock of Stockmen's Insurance Agency, Inc., but that the defendant personally, or at his direction, obtained assignments of approximately 46,365 shares from approximately 147 stockholders and that the total outstanding shares of Stockmen's Insurance Agency, Inc., at the time was approximately 115,496 shares. It is also stipulated that the records of the commissioner of securities establishes that Ranchers' Insurance Agency, Inc., had not qualified or registered any promissory notes under the security laws of the State of North Dakota. The attorney for the defendant in his brief states that the proposed merger of Stockmen's with Guarantee Reserve Life Insurance Company was approved. It does not appear any notes were issued or delivered.

The statute provides:

"Registration of securities.—It shall be unlawful to sell, or offer for sale, any securities in this state, except those exempt under section 10–04–05 or those sold in transactions exempt under section 10–04–06, or those registered by description under section 10–04–07 or by announcement under section 10–04–07.1, unless such securities shall have been registered by qualifications as hereinafter provided in section 10–

04–08." Section 10–04–04, N.D.C.C. (1963 Pocket Supplement).

It is clear the exemptions provided under Sections 10–04–05, 10–04–06, 10–04–07, and 10–04–07.1 are not applicable. Section 10–04–18 provides the penalty for the willful violation of any of the provisions of the chapter.

Section 10–04–08 provides how securities shall be registered.

The sole question is: Did the defendant offer for sale or sell unregistered securities within the definition of our Securities Act (Chapter 10–04, N.D.C.C.) by soliciting and securing conditional assignments of stock, power of attorney, and proxy in consideration for a promise to deliver a promissory note of his employer corporation which had not been registered with the commissioner of securities of the State of North Dakota?

Testimony was not adduced but it was stipulated that the complainant would testify that the defendant solicited the conditional assignment, power of attorney, and proxy by making an offer to deliver to the complainant at a future date the promissory note of Ranchers' Insurance Agency, Inc., described in the conditional assignment, power of attorney, and proxy.

■ The appellant argues that the promissory notes described in the instrument entitled "Conditional Assignment and Power of Attorney and Proxy" are not securities within the prohibition of the Securities Act for the reason that they would merely be written evidence of the unpaid purchase price of capital stock that Ranchers' Insurance Agency hoped to purchase. In other words, it was merely agreeing to give promissory notes in exchange for stock which the corporation wished to purchase. In essence, he argues, the promissory notes agreed to be exchanged for the stock are not securities within the meaning of the Act.

Section 10–04–02(12), N.D.C.C., defines "security" as follows:

" 'Security' shall mean any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation, certificate of interest in oil, gas, or other mineral rights, collateral trust certificates, preorganization certificate or subscription, transferable share, investment contract, voting trust certificate, or beneficial interest in title to property, profits or earnings, or any other instrument commonly known as a security, including any guarantee of, temporary or interim certificate of interest or participation in, or warrant or right to subscribe to, convert into or purchase, any of the foregoing."

■ The instrument described would clearly constitute a "note" and "evidence of indebtedness" as described in the foregoing section and, as such, where it does not come within the exceptions provided in the chapter, it must be registered. In defining the word "security" the legislature intended to include all transactions which were the legitimate subject of its regulation and this section should not be construed narrowly. Our Federal courts, in construing the Federal Securities Act of 1933, which is very similar to our Act, have so held several times. Llanos v. United States, 9th Cir., 206 F.2d 852, cert. den. 346 U.S. 923, 74 S.Ct. 310, 98 L.Ed. 417; Securities and Exchange Commission v. C. M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88; Securities and Exchange Commission v. Crude Oil Corp. of America, 7th Cir., 93 F.2d 844; Securities and Exchange Commission v. Universal Service Association, 7th Cir., 106 F.2d 232, cert. den. 308 U.S. 622, 60 S.Ct. 378, 84 L.Ed. 519. See also State v. Gopher Tire & Rubber Co., 146 Minn. 52, 177 N.W. 937.

The Federal courts have construed the word "security" as contained in the Federal Securities Act of 1933, 15 U.S.C.A., Section 77b, which states:

"The term 'security' means any note, * * * evidence of indebtedness, cer-

tificate of interest or participation in any profit-sharing agreement, \* \* \* or, in general, any interest or instrument commonly known as a 'security' \* \* \*."

to include promissory notes given in exchange for loans, Llanos v. United States, supra, and promissory notes given in exchange for shares of capital stock. Securities and Exchange Commission v. Vanco, Inc., D.C., 166 F.Supp. 422, aff. 283 F.2d 304 (3rd Cir.). See also United States v. Monjar, 3rd Cir., 147 F.2d 916; Securities and Exchange Commission v. C. M. Joiner Leasing Corp., supra; Bogy v. United States, 6th Cir., 96 F.2d 734; Securities and Exchange Commission v. Crude Oil Corp., 7th Cir., 93 F.2d 844.

Defendants further contend that in this case there was no offer for sale or sale of securities within the definition of the Securities Act.

Section 10–04–02(5), insofar as it is applicable here, defines "offer for sale" or "offer to sell" as follows:

" 'Offer for sale' or 'offer to sell' shall mean every attempt or offer to dispose of, \* \* \* a security or interest in a security for value. \* \* \*"

The conditional assignment referred to provides in part:

"The consideration for this assignment, if neither of the above contingencies should occur, is the note of Ranchers' Insurance Agency, Inc., payable on or before August 26, 1969, with full privilege of partial or complete prepayment in a sum equal to the original purchase price of the original shares conveyed by this assignment, with interest from August 26, 1963, at the rate of six percent (6%) per annum, the payment of which shall be secured by a life insurance policy on the life of Larry F. Davis in a face amount at least equal to the face amount of the total of such notes outstanding."

■ The defendant personally, or at his direction, obtained assignments of approximately 46,365 shares from approximately 147 stockholders and, although the stock assigned does not equal 51% of the total stock outstanding, it does represent a substantial portion of the approximately 115,496 shares issued. These circumstances clearly demonstrate an attempt and offer to dispose of promissory notes and constituted an "offer for sale" or "offer to sell" within the statutory provisions. It demonstrates an attempt to dispose of promissory notes aggregating in amount the purchase price of 51% of the outstanding stock of Stockmen's Insurance Agency, Inc. It was a plan to secure control of Stockmen's Insurance Agency, Inc. The substance of the transactions clearly establish their character as security transactions.

■■ The last specification that the assignment of stock was null and void for lack of consideration or mutuality has no merit. The gravamen of the offense was the offer to sell notes that were not registered with the securities commissioner. The contracts were void for this reason as well, but this does not absolve the defendant of the crime charged. A violator of law cannot justify his offense and escape punishment on the ground that the contract, a product of the crime, is void. The contract is merely evidence submitted in proof of some of the facts, of a chain of facts, to prove the crime charged.

Judgment of conviction is affirmed.

MORRIS, C. J., and BURKE, ERICKSTAD and STRUTZ, JJ., concur.